John A. BUSSELL, M.D.,
Plaintiff—Appellant,

v.

GENERAL AMERICAN LIFE
INSURANCE COMPANY,
Defendant—Appellee.

No. 03–56039.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided March 14, 2005.

Gastone Bebi, La Mesa, CA, for Plaintiff–Appellant.

Edwin A. Oster, Esq., Robert K. Renner, Esq., Barger & Wolen LLP, Irvine, CA, for Defendant–Appellee.

Before: NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

The plaintiff, John A. Bussell, M.D., died while this case was pending in the district court. His son, Todd Bussell, was substituted in his place, and appeals the district court's grant of General American Life Insurance Company's ("GALIC") motion for summary judgment on Bussell's claims for breach of contract and breach of the duty of good faith and fair dealing arising out of GALIC's denial of Bussell's claim for disability insurance benefits under an occupational disability insurance policy

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("the Policy"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

The Policy contains an automatic termination provision, which provides that it will lapse upon failure to timely pay premiums. The Policy also contains a provision for the waiver of premiums as they become due when the insured is totally disabled. Under California law, a provision for such waiver of premiums lasts only until the insurer puts the insured on notice that failure to pay will result in forfeiture. *See Klotz v. Old Line Life Ins. Co. of Am.*, 955 F.Supp. 1183, 1186 (N.D.Cal.1996).

Bussell had other disability policies under which he presented claims for benefits for the same slip-and-fall for which he claimed benefits from GALIC. Although GALIC paid disability benefits, and waived premium payments, the other insurance companies did not and litigation developed between them and Bussell. Those other cases were consolidated for trial, and a jury returned a special verdict finding that Bussell had not been disabled by the slip-and-fall incident. Once GALIC learned of this, it sent a letter to Bussell stating that Bussell had presented a false claim, and, as a result, Bussell had not been entitled to the waiver of premiums GALIC had previously provided, and the Policy had lapsed.

Once GALIC provided this notice, normally Bussell would have 31 days to pay the past due premiums in order to reinstate the Policy and remain insured. *See id.* Bussell responded to GALIC's letter by notifying them that the verdict was not yet final, pending a motion for new trial and appeals. Bussell also offered to commence paying premiums on the Policy, and asked GALIC to forward a bill for the current premium amount.

Even assuming GALIC's post-verdict position was incorrect, Bussell, in fact, never tendered any premium payments, even though those amounts could have been easily determined from the policy itself. Approximately 15 months later, he claimed disability benefits under the Policy for another event. GALIC denied that claim and Bussell filed the present lawsuit.

In granting summary judgment in favor of GALIC, the district court determined that the Policy lapsed due to the nonpayment of premiums. In the circumstances of this case, we cannot say this holding was erroneous. We therefore AFFIRM the district court's grant of GALIC's motion for summary judgment on Bussell's breach of contract claim. Because GALIC's reason for withholding benefits was not unreasonable or without proper cause, we also AFFIRM the district court's grant of GALIC's motion for summary judgment on Bussell's bad faith claim and his claim for punitive damages.

AFFIRMED.